# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PRESTON W. JOHNSON,**

      **Plaintiff,**

  v.                                                                      Case No.      05-C-0578

**R. JAMES NICHOLSON, SECRETARY**
**DEPARTMENT OF VETERAN AFFAIRS**

      **Defendant.**

## DECISION AND ORDER

Preston W. Johnson ("Johnson") filed his *pro se* complaint in this Court on May 25, 2005. Johnson's complaint states that he entered into a settlement agreement with the Department of Veteran Affairs to resolve a discrimination claim. However, Johnson asks this Court to rescind that agreement and, in support of his request, states that the Equal Employment Opportunities (EEO) officer who negotiated the settlement made material misrepresentations and omissions. Accordingly, Johnson seeks a release from the agreement so that he may pursue his discrimination claims against the Department of Veteran Affairs. With his complaint, Johnson has filed motions for appointment of counsel and leave to proceed *in forma pauperis* (IFP).

To authorize a litigant to proceed IFP, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the

action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2). The Court is obliged to give Johnson's *pro se* allegations, however unartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Johnson has submitted the requisite petition and affidavit in support of his request for leave to proceed IFP. In his affidavit, Johnson identifies a monthly net income of $2,300, presumably derived from his two jobs, and a savings account containing $200. He is single with no dependents. Johnson's affidavit also states that he filed for Chapter 13 bankruptcy. He has supplied the Court with a copy, dated November 25, 2002, of the bankruptcy court's list of his creditors and the amounts of debt owed to those creditors.

Having reviewed Johnson's petition and affidavit, the Court does not find that he is unable to pay the costs of commencing his action. Johnson has a significant monthly income and has identified no expenses beyond those debts claimed by creditors in his bankruptcy case. However, the Court does not know how much those creditors are paid per month and how much of his income is left for Johnson to dispose of as he sees fit. Without this information, the Court cannot determine whether Johnson qualifies as indigent. The Court now considers Johnson's request for appointment of counsel.

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071

(7th Cir. 1992) (citing *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982)). This Court is authorized to request, but not to compel (*see Mallard v. United States District Court*, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e). The threshold requirement for appointment of counsel under § 1915(e) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id*. Once this initial requirement is met, the Court, in exercising its discretion with regard to a plaintiff's request, must address the following question: "given the difficulty of the case, did the plaintiff appear to be competent to try [the case] himself, and, if not, would the presence of counsel have made a difference in the outcome." *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

The petition and affidavit submitted by Johnson suggest that he has the financial means to retain counsel. Furthermore, even if Johnson had convinced this Court of his financial inability to secure representation, he has failed to apprise the Court of any efforts on his part to obtain counsel. Absent evidence of reasonable, though unsuccessful, efforts to find representation, the Court will not consider Johnson's request for appointment of counsel.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Johnson's Motion for Leave to Proceed in Forma Pauperis (Docket No. 2) is **DENIED** without prejudice.

Johnson's Motion to Appoint Counsel (Docket No. 3) is **DENIED** without prejudice.

To maintain his action, Johnson must pay the requisite filing fee no later than June 30, 2005. If the fee has not been paid by this date, Johnson's action will be dismissed.

Dated at Milwaukee, Wisconsin this 31st day of May, 2005.

        **BY THE COURT**

        s/ Rudolph T. Randa
        **Hon. Rudolph T. Randa**
        **Chief Judge**