# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PRESTON W. JOHNSON,**

        **Plaintiff,**

**v.**                                               **Case No.    05-C-578**

**R. JAMES NICHOLSON, Secretary,**
**Department of Veteran Affairs,**

        **Defendant.**

# DECISION AND ORDER

Preston W. Johnson ("Johnson") filed his *pro se* complaint in this Court on May 25, 2005. Johnson's complaint states that he entered into a settlement agreement with the Department of Veteran Affairs (the "Department") to resolve a discrimination claim. However, Johnson asks this Court to rescind that agreement and, in support of his request, states that the Equal Employment Opportunities (EEO) officer who negotiated the settlement made material misrepresentations and omissions. Accordingly, Johnson seeks a release from the agreement so that he may pursue his discrimination claims against the Department.

On August 25, 2005, the Court received a filing from Johnson entitled "Motion for Relief," in which he asks the Court to enter default judgment against the Defendant based on his failure to respond to Johnson's complaint. Johnson has submitted a copy of a process server's affidavit showing that the Defendant was served with summons and a copy of the

complaint on June 23, 2005. Thus, Johnson argues, the sixty-day period for responding to his complaint has lapsed. *See* Fed. R. Civ. P. 12(a)(3)(A). The Court, however, will not reach the merits of Johnson's motion.

At any point in a proceeding, a court may inquire into the jurisdictional basis of an action pending before it. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (citing *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)). The Court may undertake these inquiries *sua sponte*. *Id*. In the present case, Johnson seeks a rescission of the settlement agreement entered into with the Department. (Compl. at 6.) While he seeks to be relieved of the settlement so that he can pursue claims of discrimination, which could arguably invoke the Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331, his present action seems to be a matter of contract. A claim for contract rescission, absent more, is not a matter for the federal courts. Nor can this Court exercise diversity jurisdiction over this action because federal agencies are not citizens of any state. *See* 28 U.S.C. § 1332; *Texas v. Interstate Commerce Comm. and R.R. Labor Bd.*, 258 U.S. 158, 160 (1922); *Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991).

Johnson's complaint was submitted on the form made available by the Court for litigants who are proceeding *pro se*. That form does not require an explanation of the basis for a litigant's invocation of the Court's jurisdiction, though it does require a description of the party's claims. The Court, therefore, will give Johnson an opportunity to explain why he thinks this Court has subject matter jurisdiction over his action. If Johnson cannot provide

2

a basis for invoking the Court's jurisdiction, his action will be dismissed. Lest there should be any confusion, Johnson should not take any further action in this case until he has satisfied the Court that it does, in fact, have jurisdiction over his claim.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Johnson **SHALL** submit a statement explaining the jurisdictional basis of the present action no later than September 16, 2005. If Johnson has not submitted an explanation by that date, the Court will understand that he cannot identify any basis for the Court's exercise of subject matter jurisdiction over his action and it will be dismissed accordingly.

Dated at Milwaukee, Wisconsin this 26th day of August, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**