# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PRESTON W. JOHNSON,**

        **Plaintiff,**

        v.                                                                                **Case No.     05-C-0578**

**R. JAMES NICHOLSON, SECRETARY**
**DEPARTMENT OF VETERAN AFFAIRS**

        **Defendant.**

# DECISION AND ORDER

Preston W. Johnson ("Johnson") filed his *pro se* complaint in this Court on May 25, 2005. Johnson's complaint states that he entered into a settlement agreement with the Department of Veteran Affairs to resolve a discrimination claim. However, Johnson asks this Court to rescind that agreement and, in support of his request, states that the Equal Employment Opportunities (EEO) officer who negotiated the settlement made material misrepresentations and omissions. Accordingly, Johnson seeks a release from the agreement so that he may pursue his discrimination claims against the Department of Veteran Affairs.

On August 25, 2005, the Court received a filing from Johnson entitled "Motion for Relief," in which he asked the Court to enter default judgment against the Defendant based on his failure to respond to Johnson's complaint. The Court, having an opportunity to review

Johnson's complaint anew, deferred ruling on Johnson's motion and questioned whether the Court could properly exercise jurisdiction over his action. The Court explained:

> While he [Johnson] seeks to be relieved of the settlement so that he can pursue claims of discrimination, which could arguably invoke the Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331, his present action seems to be a matter of contract. A claim for contract rescission, absent more, is not a matter for the federal courts. Nor can this Court exercise diversity jurisdiction over this action because federal agencies are not citizens of any state. *See* 28 U.S.C. § 1332; *Texas v. Interstate Commerce Comm. and R.R. Labor Bd.*, 258 U.S. 158, 160 (1922); *Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991).

*Johnson v. Nicholson*, No. 2:05-CV-00578, at 2 (E.D. Wis. Aug. 26, 2005). In order to clarify this issue, the Court ordered Johnson to submit an explanation of the jurisdictional basis for his action in this Court. *Id.*

In response to the Court's order of August 26, 2005, Johnson submitted a letter in which he claims that this Court may exercise jurisdiction over his action pursuant to 28 U.S.C. § 1391. The statutory provisions cited by Johnson are of little help. Section 1391 addresses the issue of venue, i.e., where, or in which location, an action may be brought. That statute does not provide an independent ground for jurisdiction upon which the Court may hear an action. Insofar as Johnson has not identified any sufficient jurisdictional basis for this Court to hear his claims and, further, insofar as the Court is not able at this juncture to identify any grounds for exercising its jurisdiction, Johnson's action will be dismissed.

Insofar as Johnson is proceeding *pro se*, the Court wishes to emphasize that the dismissal of his action is not an adjudication on its merits. Johnson may have grounds for

2

redress and may be able to bring those claims in another forum, such as state court. However, absent jurisdiction, this Court cannot consider Johnson's action further.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Johnson's action is **DISMISSED** for lack of subject matter jurisdiction.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 8th day of September, 2005.

BY THE COURT

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**